**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald MARTIN and Roger Wolf,
Defendants-Appellants.**

**Nos. 17013, 17014.**

United States Court of Appeals
Seventh Circuit.

April 3, 1969.

As Corrected April 7, 1969.
Rehearing Denied April 25, 1969.

Maurice J. Walsh, Carl M. Walsh, Chicago, Ill., for appellants.

James B. Brennan, U. S. Atty., Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before CASTLE, Chief Judge, CUMMINGS, Circuit Judge, and HOLDER, District Judge.*

HOLDER, District Judge.

Ronald Martin and Roger Wolf were convicted and sentenced after a trial to the court without the intervention of a jury. The offense charged against them in the indictment filed January 11, 1966 reads as follows:

" * * *:

1. On the 10th day of May, 1962, an involuntary petition in bankruptcy was filed in the United States District Court for the Eastern District of Wisconsin, praying that Market Men's Management Agency, Inc., a corporation organized and existing under the laws of the State of Wisconsin, with its place of business at 1834 West Wisconsin Avenue, Milwaukee, Wisconsin, be adjudicated a bankrupt and in pursuance of said petition, the said Market Men's Management Agency, Inc., was, on the 28th day of May, 1962, adjudicated a bankrupt.

2. On or about the 19th day of April, 1962, Ronald Martin and Roger Wolf, as officers of Market Men's Management Agency, Inc., the bankrupt, and in contemplation of a bankruptcy proceeding by and against the said Market Men's Management Agency, Inc., and with intent to defeat the bankruptcy laws, knowingly and fraudulently did transfer and conceal property of the said Market Men's Management Agency, that is $63,600 from the checking account of Market Men's Management Agency, Inc. at the Midwest Bank and Trust Company, Elmwood Park, Illinois, in violation of Section 152, Title 18, United States Code of Laws.

* * *."

The defendants appeal from the judgment and for error complain of the failure to prove the necessary knowledge and intent of the defendants to commit the charged offense; that the indictment failed to set forth facts showing a crime under the statute; that the indictment failed to set forth facts showing the commission of any crime within the Eastern District of Wisconsin or within the State of Wisconsin; and that the corporation, Market Men's Management Agency, Inc., alleged in the indictment to be the bankrupt, was an insurance corporation and not eligible or subject to being a bankrupt under the Bankruptcy Act. We affirm the judgment of conviction.

According to the Secretary of State of the State of Wisconsin, articles for the incorporation of Market Men's Management Agency, Inc. were filed in his office on December 22, 1958, and the filing fee was paid, under the provisions of Chapter 180 of the Wisconsin Statutes. The ar-

---

* District Judge from the United States District Court for the Southern District of Indiana is a member of the panel by designation of the United States Court of Appeals for the Seventh Circuit.

ticles provided for the registered office of the corporation as 6164 Plankinton Building, 161 W. Wisconsin Avenue, Milwaukee, Wisconsin; for the perpetual period of existence; for capital stock of 250 shares of common stock at $100.00 per share; and for it to engage in any lawful purpose authorized by Chapter 180 of the Wisconsin Statutes. The corporation was thereafter certified as qualified to do business on January 6, 1959. The corporation was not qualified to do business as an insurance company as Chapter 180 of the Wisconsin Statutes is the general corporation statute of that State. There was another corporation known as Market Mens Mutual Insurance Company which had been organized under Chapter 201 of the Wisconsin Statutes and did business in that State. Chapter 201 of the Wisconsin Statutes provides for the organization of insurance corporations. The defendants were elected to the board of directors on March 8, 1962 and became officers of the Management Corporation. On February 28, 1962, the financial statements showed a $492,000.00 deficit for the Insurance Company and a $51,000.00 deficit for the Management Corporation. The Insurance Company had entered into a management contract with the Management Corporation and had received prior approval of the contract from the Wisconsin Insurance Department which had jurisdiction of insurance companies of the State although certain changes thereafter made in the contract had not been approved as of March 14, 1962. The execution of the contract was the sole business of Management Corporation. It provided and paid management personnel with insurance background and training to operate the Insurance Company and paid most of the expenses of the Insurance Company. The two parties to the contract officed in the premises of the Insurance Company. Employees of the Management Company who were also employees of the Insurance Company received a single salary. Management Company performed under the contract for a fee of 39 per cent of the earned insurance premiums.

By early April, 1962, the defendants knew of the precarious financial condition of both companies. Because of such financial condition of the Insurance Company, the Wisconsin Insurance Commissioner on April 18, 1962 had a conference in his office with the defendants. In this conference, a financial statement was produced which disclosed as of March 31, 1962 that the Insurance Company had admitted assets of $1,545,803.80 with liabilities of $2,191,273.07 and a resulting deficit of $645,469.27. There was no evidence that the financial status of Management Corporation was discussed in such meeting. The defendant, Ronald Martin, asked the Commissioner as to what action he was going to take. The Commissioner replied that he would take the action required by law. After leaving the conference, the defendants discussed how long it would take for the Commissioner to issue a cease and desist order. The defendants left for Chicago, Illinois, on April 18, 1962 and on the following morning, April 19, 1962, the defendants transferred $63,600.00 from the bank account of the Insurance Company, opened a new bank account in the name of the Management Corporation with the Midwest Bank and Trust Company in Elmwood Park, Illinois, and deposited therein the $63,600.00. Thereafter the defendants distributed the funds in the account of the Management Corporation as follows: two checks totaling $33,600.00 to companies controlled by the defendants and checks of $15,000.00 each to two persons, a Chicago, Illinois, accountant who received it about a week later and an attorney who received it on April 19, 1962. The attorney and the accountant neither requested nor earned such sums as fees. Out of these fees, the defendants were thereafter paid $12,500.00 from the attorney and $14,000.00 from the accountant. The defendants, following the banking transaction on April 19, 1962, caused the preparation of minutes of the board of directors of Management Corporation to be prepared in Chicago, Illinois, for a purported meet-

ing of April 17, 1962. These minutes reflected the disbursements from the $63,600.00 account of Management Corporation. The minutes were false as to the reason for the disbursements and in fact there was no meeting of its directors. On or about April 20, 1962, the minutes were taken by the defendants to a director and he was caused to execute them. The defendants then delivered the minutes to the corporate offices in Milwaukee, Wisconsin. The defendants failed to advise the accountant of the Insurance Company of the transfer of the funds and the accountant of the Management Corporation of the disbursement of the funds from the Management Corporation's account. This was contrary to the customary business practice.

The defendants while in Milwaukee, Wisconsin, on April 19, 1962, inquired as to whether or not a cease and desist order had been received. They were advised that none had been received but that an Insurance Commission Examiner was then on the premises by direction of the Commissioner. Defendants then on April 19, 1962 directed a cessation of business and removed their personal belongings from the offices. Thereafter on April 20, 1962 a cease and desist order from conducting an insurance business was issued to the Insurance Company from the Circuit Court of Milwaukee County, State of Wisconsin. On May 10, 1962, an involuntary petition in bankruptcy was filed against the Management Corporation in the United States District Court for the Eastern District of Wisconsin. The corporation was adjudicated a bankrupt on May 28, 1962. During the liquidation proceedings of the Insurance Company by the State of Wisconsin Court, the $63,600.00 was claimed and retrieved in part from those persons to whom the Management Corporation had disbursed the money. The Trustee in Bankruptcy of the Management Corporation made claim for the $63,600.00 with the Liquidator of the Insurance Company. By reason of this claim, the Liquidator paid to the Trustee the sum of $17,823.34 from and out of the $63,-600.00 so disbursed by the defendants from the Management Corporation on April 19, 1962. The Referee in Bankruptcy entered an order on May 8, 1967 approving the settlement for the reduced amount.

■ Defendants moved to dismiss the charge of the indictment based upon 18 U.S.C. Section 152. They asserted that it failed to set forth facts showing the commission of any crime within the jurisdiction of the United States District Court for the Eastern District of Wisconsin. On the contrary, they urge that the only venue intimated by the charge showed venue to be in the City of Elmwood Park in the State of Illinois. The trial court's denial of the motion was proper. The charge does not allege the conventional conclusory statement of venue. It does allege all of the facts of venue in the trial court's jurisdiction and complies with the venue requirements of Rule 18, Federal Rules of Criminal Procedure; Article Three, Section 2, Clause (3) of the United States Constitution; and the Sixth Amendment to the United States Constitution. The previously quoted charge plainly alleges the defendants fraudulently intended concealment of assets of the Management Corporation from the Wisconsin Corporation in contemplation of its bankruptcy in violation of 18 U.S.C. Section 152. The Eastern District of Wisconsin was the only jurisdiction within which the Management Corporation could voluntarily proceed, or involuntarily be proceeded against, in bankruptcy, at the time defendants were alleged to have concealed its assets, 11 U.S.C. Section 11(a) (1). The indictment charges the corporation was organized under the laws of Wisconsin and had its principal office in the City of Milwaukee which is situated in the trial court's jurisdiction. It further alleges a bankruptcy proceeding was initiated on May 10, 1962 and the corporation was adjudicated a bankrupt on May 28, 1962. The defendants' suggestion that venue of the crime lies in the State of Illinois cannot be based on

fact or accepted as the law. The purpose of the statute is to forbid the concealment of assets from the Trustee in Bankruptcy in the trial court's jurisdiction, or in contemplation of such a proceeding. The defendants', as corporation officers of Management Corporation, conduct of concealing its assets in the State of Illinois in contemplation of a bankruptcy proceeding was a continuing act of nondisclosure in the State of Wisconsin in the records of the corporation, where it transacted the affairs of its business and where the National Bankruptcy Act required any proceeding to be commenced under that Act. United States of America v. Schireson, 116 F.2d 881 (3 CA, 1941); and United States of America v. Greenstein, 153 F.2d 550 (2 CA, 1946). Accordingly, the defendants' claim of an insufficiency of evidence to support the element of venue is unsupported. It is unnecessary to restate the substantial evidence first recited herein as it convincingly supports the venue element of the charge.

■ The defendants' next contention that the Management Corporation was an insurance corporation and as such was not subject to the Bankruptcy Act (11 U.S.C. Section 22) is also unfounded. The undisputed evidence is that it was organized as a general corporation under the Wisconsin laws and not as an insurance company. Its purpose of incorporation and its powers did not extend to the powers and purpose of an insurance company. The evidence concerning its execution of the management contract with the Insurance Company was not the act of an insurance corporation and the execution of the contract did not disqualify the corporation from being a bankrupt under the Bankruptcy Act.

■ The remaining issues of the appeal relate to the sufficiency of the evidence to establish the element of defendants' knowledge and criminal intent and as to whether the assets concealed were the assets of the Management Corporation. A finding of guilt must be sustained if it is supported by substantial evi-

dence in the light most favorable to the United States. Glasser v. United States of America, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). There is no doubt from the evidence that upon the $63,600.-00 being transferred from the bank account of the Insurance Company to the bank account of the Management Corporation, it became an asset of the Management Corporation within the meaning of 18 U.S.C. Section 152. The corporation had authority to make such a transfer under the management contract and it was obligated for salaries and fees to be paid under the contract by the corporation. The conduct of the defendants in transferring the assets to the Management Corporation under the prevailing circumstances may be criticized but such is not conclusive of the rights of Management Corporation to all or part of the money. The unquestioned fact in evidence is that $17,823.34 of the specific transfer was legally concluded to be the property of Management Corporation. Furthermore, 18 U.S.C. Section 152 does not limit, in a concealment case, an illegal concealment to property of a prospective bankrupt that is ultimately determined to be the property of a bankrupt estate. United States of America v. Camp, 140 F.Supp. 98. The defendants as knowledgeable businessmen associated themselves with a failing business venture in early March of 1962. Their conduct was such at the time of acquisition and immediately thereafter that they must have known of the weak financial condition when they entered into the transaction. They failed to promptly communicate their acquisition and certain changes in the management contract to the authorities of Wisconsin. They also dealt secretly between themselves in certain matters of the business contrary to the customs of the business. The defendants' technical connection with the business of Management Corporation was brief and lasted from about March 8, 1962 to May 10, 1962, the date of the bankruptcy petition. Actually, it was of briefer duration for on April 19, 1962 the defendants removed their per-

sonal belongings from the Management Corporation's office and abandoned it to the processes of the law. When the defendants so abandoned the Management Corporation's affairs, they knew that it was insolvent. They also knew that they personally did intentionally and wrongfully receive "kick backs" from their attorney and accountant out of the fees that they caused to be paid them by the corporation. The defendants, the trial court had the right to conclude beyond a reasonable doubt, intended to deprive or withhold these "kick back" funds from the creditors of the Management Corporation in any liquidation proceeding that the creditors might bring, including a bankruptcy proceeding, and for their own benefit. The other disbursements of the funds were also personally planned by the defendants and the corporate records were falsified by the defendants to conceal the true nature of them. The defendants suggest that the testimony of witnesses, other than the defendants, to the effect that these witnesses did not know that Management Corporation was subject to a bankruptcy proceeding should dispose of the issue. Defendants would have the court infer therefrom that the defendants had the same lack of knowledge as those witnesses. The defendants further suggest that the entire circumstances from the evidence as related by witnesses, other than the defendants, unerringly shows that the defendants mistakenly believed the Management Corporation was an insurance company and subject only to the Wisconsin Insurance Commissioner's liquidation proceedings. The trial court's statement before his finding discloses these contentions were carefully considered and weighed. Knowledge and intent are mental elements of the crime. Circumstantial evidence of record must be relied upon to ascertain as to whether or not the defendants had knowledge of the applicablity of the National Bankruptcy Act to the affairs of the Management Corporation. In doing so, the trial court weighed the circumstantial and direct evidence. The record is replete with the independence of action of the defendants in their dealing with the witnesses and the affairs of the corporate business. The beliefs as to the non-applicability of the Act of such witnesses were in fact never communicated to the defendants and there is no evidence of any professional advice to this effect. The record further discloses that the affairs of the Management Corporation were not alluded to in the conference concerning the Insurance Company with the Wisconsin Insurance Commissioner shortly before the transfer and concealment of the $63,600.00 of Management Corporation. The circumstantial evidence of the defendants' knowledge of the purposes of the business of Management Corporation from its articles of incorporation; the inferences from the defendants' knowledge of the separation of its records from the Insurance Company's records; the inferences from the defendants' knowledge of separate financial statements and separate creditors of the two companies; and along with the inferences from the defendants' knowledge and personal guidance of the affairs of the business of Management Corporation warranted the trial court finding that the elements of knowledge and criminal intent were proven beyond a reasonable doubt. We agree that the comments of the trial judge at the trial's conclusion are well founded when he said: "Looking at the conduct of the parties, I believe that what they did was in contemplation of bankruptcy and that they were not trying to rehabilitate the company but, an the contrary, were attempting to secrete and conceal assets of the Management Agency with the intent to defeat the Bankruptcy Laws and that they did this with a knowing and fraudulent intent." We conclude there is substantial evidence to support the judgment below as to all of the essential elements of the charged crime.

Affirmed.